Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | APR. 12, 2012 |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1501 | **DATE** | APR 1 2 2012 |
| **CASE TITLE** | Kevin Devon Robinson (#2008-0067754) vs. Farrell, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [4] is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.03 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue. The Court dismisses the complaint on file without prejudice for failure to exhaust administrative remedies. This case is closed.

■[For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2012, Plaintiff was ordered to either file an *in forma pauperis* application or pay the required filing and to show good cause in writing why this matter should not be dismissed for Plaintiff's failure to exhaust the administrative remedies prior to filing suit. Plaintiff has submitted an *in forma pauperis* application and responded to the court's show cause order.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.03. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

As set forth in the court's previous order, Plaintiff alleges that on January 18, 2012, several correctional officers used excessive force on Plaintiff. Plaintiff signed his complaint on February 20, 2012.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d

| STATEMENT |
|---|

1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

    Here, Plaintiff filed suit approximately a month after the alleged incident. Plaintiff confirms that he did file a grievance regarding the incident and he attaches one grievance that was handled as a request and another grievance that was handled as a grievance. The grievance that was handled as a request indicates that it was submitted by Plaintiff on January 23, 2012, and received by the CRW/Platoon counselor on February 24, 2012, after Plaintiff had signed his complaint. The second grievance indicates that Plaintiff filed the grievance on January 26, 2012, and that he received the response from the superintendent on February 23, 2012 (after he had already signed the complaint). The grievance does not indicate that Plaintiff filed an appeal of that response (the appeal information on the grievance form is blank). The attached grievance/request affirmatively demonstrates that Plaintiff did not fully exhaust his administrative remedies prior to filing this lawsuit. Plaintiff is required to fully exhaust the available administrative remedies even if he believes that exhausting such administrative remedies would be futile or is unnecessary. *See Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (exhaustion is required if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

    Based on the above, the complaint is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he plans on refiling the present action. *See Ford*, 362 F.3d at 401.